***EXECUTION SCHEDULED FOR JULY 17, 2020***

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DUSTIN LEE HONKEN, ) | |
| ) | |
| Movant, ) | |
| ) | No. 3:01-cr-03047-LTS-KEM-1 |
| v. ) | **CAPITAL CASE** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## BRIEF IN SUPPORT OF MOTION TO DECLARE THE BUREAU OF PRISONS'S NOTICE SCHEDULING DUSTIN LEE HONKEN'S EXECUTION NULL AND VOID

Timothy Kane
Assistant Federal Defender
Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
215-928-0520 (phone)
215-928-0826 (fax)
Timothy_Kane@fd.org
Shawn_Nolan@fd.org

Attorneys for Dustin Honken

Dated: July 8, 2020

TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1
FACTUAL BACKGROUND ................................................................................................... 2
I.  ABSENT A FORMAL TRANSFER, THIS COURT RETAINS SOLE AUTHORITY
    REGARDING HOW AND WHEN MR. HONKEN'S SENTENCE OF DEATH SHALL
    BE EXECUTED. BOP'S ULTRA VIRES ACTION SETTING A JULY 17, 2020, DATE
    IS NULL AND VOID. ..................................................................................................... 4
    A.  Federal Courts Have Had Sole Authority to Order Implementation of a Sentence
        of Death Since at Least As Early as 1830 .............................................................. 4
    B.  DOJ's Regulations Governing Implementation of Death Sentences Confirm Its
        Lack of Inherent Authority to Set an Execution Date ............................................ 6
CONCLUSION ........................................................................................................................ 11

Dustin Lee Honken ("Mr. Honken"), by his undersigned counsel, respectfully requests that this Court issue an order declaring his currently scheduled execution date—July 17, 2020—null and void. The Government's attempt to carry out Mr. Honken's execution on July 17, 2020, pursuant to the purported "notice" it has provided to him and to this Court, violates its own regulations and is an attempt to exercise authority it does not have.

## INTRODUCTION

The power to order implementation of a death sentence vests solely in the courts. This Court's judgment can be implemented by the Department of Justice (DOJ) (and by extension the Bureau of Prisons (BOP)) only upon a specific delegation of authority to do so. That delegation can occur in two ways: by Congressional action or, pursuant to 28 C.F.R. § 26.2, upon submission of a proposed order by the Government that is entered by this Court. Neither has occurred here. DOJ concedes that Congress has never delegated this power to the BOP, as set out below. Thus, DOJ cannot lawfully implement a death sentence, and its attempt to unilaterally set an execution date and carry out the sentence is a legal nullity.

As discussed below, this practice is not a mere formality, and obtaining that order is not optional. It is a compulsory step in ensuring that the Court's sole authority to impose a death sentence is properly delegated to the executive agency that seeks to carry out the execution. 28 C.F.R. § 26.2 states in full:

Proposed Judgment and Order.

(a) Whenever this part becomes applicable, the attorney for the government *shall* promptly file with the sentencing court a proposed Judgment and Order. The proposed Judgment and Order shall state, in addition to any other matters required by law or otherwise appropriate, that:

    (1) The sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

    (2) The sentence shall be executed by intravenous injection of a lethal

1

substance or substances in a quantity sufficient to cause death;

(3) The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons; and

(4) The prisoner under sentence of death shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence.

(b) The attorney for the government shall append to the proposed Judgment and Order a Return by which the designated United States Marshal may inform the court that the sentence of death has been executed.

28 C.F.R. § 26.2 (emphasis added).

It is only through such an order that agencies and sub-agencies of the executive branch, namely DOJ and the BOP, are provided with the authority to conduct an execution, including the selection of a date and location. *Id.* That transfer of power did not occur here. This was a crucial omission: DOJ is without authority to carry out Mr. Honken's death sentence on July 17, 2020. Its June 15, 2020, letter to Mr. Honken scheduling his execution is without legal basis.

## FACTUAL BACKGROUND

Mr. Honken was sentenced to death in 2005 in this Court pursuant to the Federal Death Penalty Act ("FDPA"), 18 U.S.C. §§ 3591-3598. In 2013, Judge Reade granted in part, and denied in part, Mr. Honken's § 2255 motion to vacate, correct, or set aside his sentence. *Honken v. United States*, 42 F .Supp. 3d 937, 1197 (N.D. Iowa 2013). Judge Reade ordered that count eight through count twelve of Mr. Honken's superseding indictment be vacated and that an amended judgment be issued reflecting this change, and otherwise denied relief on his claims. *Id.* at 1197. *See* Ex. A, Am. J. Criminal Case, *United States v. Honken*, No. 3:01-cr-3047-LTS, ECF No. 804 (N.D. Iowa Oct. 8, 2013).

On Monday, June 15, 2020, the U.S. Department of Justice announced publicly that Attorney General William Barr had directed the BOP, a sub-agency within the DOJ, to set

2

execution dates against Mr. Honken and three other men.[1] On the same day, Mr. Honken, who is incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), received a letter from Warden T.J. Watson informing him that "a date has been set for the implementation of your death sentence, pursuant to the Amended Judgment and Order issued on October 8, 2013, by Chief Judge Linda R. Reade of the United States District Court for the Northern District of Iowa."[2] The letter purported to be the "official notification that pursuant to Title 28, Code of Federal Regulations, Section 26.3(a)(1), the Director of the Federal Bureau of Prisons has set July 17, 2020, as the date for your execution by lethal injection."[3] The Court was copied on this letter and a separate notice was filed in this Court. *See United States v. Honken*, No. 3:01-cr-3047-LTS, ECF No. 807 (N.D. Iowa June 15, 2020).

The Government, however, never filed a proposed judgment and order in this Court as is required under 28 C.F.R. § 26.2 to exercise such authority. As the Government acknowledged just months ago:

> The regulations *require* federal prosecutors to *propose* to the sentencing court that any death sentence be implemented by lethal injection on a *date and at a place designated by the BOP Director.* 28 C.F.R. Section 26.2.

Ex. C, Defs.' Opp'n Pl. Honken's Mot. Prelim. Inj., No. 1:19-mc-00145-TSC, ECF No. 36 at 20 (D. D.C. Nov. 1, 2019) (emphasis added). Yet the Government did not obey 28 C.F.R. § 26.2. Counsel for the Government are rushing Mr. Honken's execution without obtaining the requisite order necessary from this Court since his amended judgment was issued in 2013.[4]

---

[1] U.S. Department of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June 15, 2020), https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children#:~:text=Barr%20today%20directed%20the%20Federal,raped%20the%20children%20they%20murdered. (last visited July 7, 2020).

[2] Ex. B (Letter from Warden T.J. Watson to Dustin Honken (June 15, 2020)).

[3] *Id.*

[4] Undersigned counsel have diligently searched their files the court dockets, and all correspondence pertaining to the docket in *United States v. Honken*, No. 3:01-cr-3047-LTS (N.D. Iowa), and there is no indication the Government

**I.  ABSENT A FORMAL TRANSFER, THIS COURT RETAINS SOLE AUTHORITY REGARDING HOW AND WHEN MR. HONKEN'S SENTENCE OF DEATH SHALL BE EXECUTED. BOP'S ULTRA VIRES ACTION SETTING A JULY 17, 2020, DATE IS NULL AND VOID.**

The authority regarding when and how to implement Mr. Honken's death sentence rests solely with this Court, and authorization to act can be granted to BOP only through a formal order consistent with the regulations. This is made clear by the history of the federal death penalty and is supported by the arguments the Government relied on when adopting DOJ regulations concerning implementation of executions.

**A.  Federal Courts Have Had Sole Authority to Order Implementation of a Sentence of Death Since at Least As Early as 1830**

Federal district courts have overseen the implementation of death sentences, including the setting of execution dates, in federal capital cases since the early years of the Republic. Those oversight duties and powers have continued unabated since their creation pursuant to the Judiciary Act of 1789, 1 Stat. 73 (1789), and since the earliest federal criminal statute codifying capital offenses was passed by the First Congress in 1790. *See* 1 Stat. 112 (1790) ("An Act for the Punishment of Certain Crimes Against the United States"). Indeed, historically, it was the sentencing court that selected the execution date and, with the assistance of United States Marshals, implemented the death penalty in cases before it.[5]

---

filed a proposed judgment and order pursuant to the various requirements set forth in § 26.2; nor is there any indication that the Court entered an order corresponding with such a proposed judgment and order, which must, pursuant to § 26.2, contain specific language related to implementation of the death sentence.

[5] In the case of Thomas Bird, for example—the first federal execution since the establishment of the federal courts—the Hon. David Sewall issued a "Writ or Warrant of Execution from the District Court to the Marshall" to carry out Thomas Bird's death sentence "at the Time mentioned in the Judgment"; Mr. Bird was executed on June 25, 1790. *See* "To George Washington from Thomas Bird, 5 June 1790," n.1, *Founders Online,* National Archives, https://founders.archives.gov/documents/Washington/05-05-02-0299. [Original source: *The Papers of George Washington*, Presidential Series, vol. 5, *16 January 1790–30 June 1790*, ed. Dorothy Twohig, Mark A. Mastromarino, and Jack D. Warren. Charlottesville: University Press of Virginia, 1996, pp. 478–481.], https://founders.archives.gov/documents/Washington/05-05-02-0299 (last visited July 7, 2020). Similarly, in the last execution carried out before the Supreme Court invalidated death penalty statutes in *Furman v. Georgia*, 408 U.S. 238 (1972), Ex.. B, Docket Sheet, *United States v. Victor Feguer*, No. 7-6031 (N.D. Iowa), the district court ordered, on

4

In the early 1800s a patchwork system had developed whereby the federal courts simply deferred to state court practice on authority for setting execution dates: In states where governors set execution dates, the President would issue the order, and in states where courts set dates, the federal district court would follow suit.

In 1830, President Andrew Jackson, through the Attorney General, ended this scattershot arrangement declaring that the President would no longer issue warrants of execution in capital cases and the district court would have sole authority to execute the sentence under law:

> I am instructed by [President Jackson] to inform you that he has, after mature deliberation, determined in all cases to leave the execution of the sentence of the law to the direction of the court, in full confidence that the courts will give a reasonable time for the interposition of executive clemency in cases where it ought to be interposed.

J.N. Macpherson Berrien, 20 Op. Atty. Gen. 344 (1830).

In the intervening decades, President Andrew Jackson's order remained controlling law and was incorporated into federal court practice. *See* Caleb Cushing, 7 Op. Atty. Gen. 561 (1855) ("Such is now the established practice. The court sentences, and fixes the day of execution; and unless the President interpose, the Marshal of the United States proceeds to execution in due time.")

This remains the law to this day: a district court has the authority to schedule execution dates for defendants it has sentenced to death. This authority remains solely with the Court unless and until it is shared by entry of a judicial order.[6]

---

November 2, 1963, that, "subject to interposition of executive clemency, said imposed death sentence by hanging scheduled for January 15, 1963 at approximately 5:30 a.m. at Iowa State Penitentiary at Fort Madison, Iowa."

[6] Congress has never limited the district court's power to set execution dates, including when it passed the Federal Death Penalty Act ("FDPA") in 1994, which governs Mr. Honken's case.

## B. DOJ's Regulations Governing Implementation of Death Sentences Confirm Its Lack of Inherent Authority to Set an Execution Date

Between the repeal of the 1937 Act and the passage of the FDPA, DOJ issued rules for "Implementation of Death Sentences in Federal Cases"—the same rules that the BOP Director invoked in his June 15, 2020, "notification" letter to Mr. Honken about his execution date,[7] and that the DOJ attorney cited in his Notice Regarding Execution Date filed in this Court.[8] *See* 58 Fed. Reg. 4898-01 (Jan. 19, 1993) (codified at 28 C.F.R. pt. 26). The rules, signed by then-Attorney General William Barr, went into effect on February 18, 1993, and clearly reflect DOJ's understanding that BOP's authority to set an execution date is solely derivative of the long-standing power of the federal district court.

For instance, in response to a comment during the rulemaking process suggesting that the implementation regulations were an improper delegation of congressional authority in violation of *Chevron U.S.A., Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984), DOJ stated that no such problem existed because it was not based on congressional authorization at all:

> As for the Justice Department's "delegated authority," the Department does not need explicit authority to issue regulations establishing death penalty procedures. The Department is authorized *to rely on the authority of the federal courts*, acting pursuant to the All Writs Act, 28 U.S.C. § 1651(a), *to order* that their sentences be implemented. *Thus, § 26.2 directs the government's attorney in a capital case to file with the court a proposed Judgment and Order consistent with the regulations.*

58 Fed. Reg. 4898-01, 4899-900 (emphasis added). In other words, the purpose of creating § 26.2 and directing federal prosecutors to file a proposed judgment and order with the court was to ensure that federal prosecutors received the necessary authorization by conditioning the regulation upon

---

[7] *See* Ex. B.

[8] *See* Ex. D, *United States v. Honken*, No. 3:01-cr-3047-LTS, ECF No. 807 (N.D. Iowa June 15, 2020).

judicial action. As the response makes clear, when the Government proceeds to set a date without submitting a proposed judgment and order, it lacks the requisite authority specified in the framework of the rules, and renders the BOP date-setting non-operational.

Federal prosecutors have, in compliance with § 26.2, regularly filed the requisite proposed judgment and order in other federal death penalty cases. *See, e.g.*, Ex..E, United States' Notice to File Proposed J. Pursuant to 28 C.F.R. § 26.2, *United States v. Duncan*, No. 2:07-cr-00023, ECF No. 597 (D. Id. Oct. 29, 2008) (proposing the court order "that the sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons"); Ex..F, J. of the Court, *United States v. Duncan*, No. 2:07-cr-00023, ECF No. 598 (D. Id. Nov. 3, 2008).

In other instances, when the court has acted without waiting for the Government's proposed judgment and order, the Government has acquiesced to the court's issuance of an order setting the execution date. In the case of David Paul Hammer, the sentencing court set an execution date of November 15, 2000.[9] *See* Ex. G, Order Setting Date for the Implementation of the Death Sentence, *United States v. Hammer*, No. 4:96-cr-00239-JHS, ECF No. 711 (M.D. Pa. Sept. 21, 2000). The Government noted its preference for a different date, but refrained from challenging the court's exercise of authority. Ex. H, Government's Memorandum Regarding Setting of an Execution Date, *United States v. Hammer*, No. 4:96-cr-00239-JHS, ECF No. 709 at 3-4 (M.D. Pa. Sept. 20, 2000). In a subsequent memorandum, the Government acknowledged that the regulations "do not necessitate that the Court fix a specific time or date" but "those same rules recognize this Court's inherent authority to do so. 28 C.F.R. § 26.3(a)." Ex. I, Government's Mem. Regarding Setting of

---

[9] Mr. Hammer was resentenced to life without parole in § 2255 proceedings after the district court granted relief based on the Federal Government's *Brady* violation. *See United States v. Hammer*, 564 F.3d 628, 629 (3d Cir. 2009).

7

a Particular Time Frame for Execution, *United States v. Hammer*, No. 4:96-cr-00239-JHS, ECF No. 719 at 3 (M.D. Pa. Oct. 10, 2000).

The DOJ's responses to other comments made during rulemaking further demonstrate its recognition that its date-setting authority is limited and is superseded by that of the district court:

> [F]ar from contemplating the unilateral exercise of executive authority . . . [,] the proposed rule *directs government attorneys to seek a court order* directing that execution be by lethal injection, and *at a date and place determined by the Department of Justice. § 26.2.* Indeed, the very provision the comments find an "invasion" of the prerogatives of the federal judiciary begin with the qualifying language, *"Except to the extent a court orders otherwise * * *"* § 26.3(a)(1). Section 26.4 also begins with that qualifier.

58 Fed. Reg. 4898-01, 4900 (emphasis added).

The text of § 26.3, which makes provisions relating to "date, time, place, and method of execution," for example, is premised on the court's implementation authority: the section expressly states that the sentence of death shall be executed in accordance with those provisions "*[e]xcept to the extent a court orders otherwise.*" 28 C.F.R. § 26.3(a) (emphasis added); *see also* 58 Fed. Reg. 4898-01, 4899-900. Another section of the rules, § 26.4, which provides for BOP's notification of the prisoner, for the prisoner's access to his spiritual advisers, attorneys, and family members, among others, and for witnesses to the execution, contains the identical clause, "*Except to the extent a court orders otherwise.*" 28 C.F.R. § 26.4 (emphasis added); *see also* 58 Fed. Reg. 4898-01, 4899-900.[10] The text of DOJ's own rules and its rationale for them thus represent an express recognition of the district court's firmly rooted, and exclusive, authority to implement death sentences.

---

[10] *Compare* § 26.5, "Attendance at or participation in executions by Department of Justice personnel." In contrast to §§ 26.3-4, this provision addresses DOJ personnel issues and presumably falls outside of the Court's traditional implementation authority; it also notably does not contain the introductory phrase, "Except to the extent a court orders otherwise."

8

Case 3:01-cr-03047-LTS-KEM   Document 810-1   Filed 07/08/20   Page 10 of 14

However, despite the Government's repeated assertions that its attorneys are directed to seek a court order to set an execution date, the three federal executions that have been carried out since 1963 demonstrate that the Government does not faithfully enforce its own regulations. For Mr. Timothy McVeigh and Mr. Louis Jones, Jr., the Government directed the BOP to set dates despite knowing it lacked authority to do so. By contrast, in Mr. Garza's case, the court issued an order of inquiry as to the execution date, and, several days later, set the execution date. *See* Ex. J, Order Setting Execution Date, *United States v. Garza*, No. 1:97-cv-00273, ECF No. 18 (S.D. Tex. May 26, 2000). The Government never challenged the court's authority in this regard, and, moreover, defended the court's date setting by invoking its regulation, stating that "[t]his Court's order setting an execution date fully conforms with 28 C.F.R. § 26.3." *See* Ex. K, United States' Opp'n to Movant Garza's Mot. to Reconsider Setting an Execution Date, *United States v. Garza*, No. 1:97-cv-00273, ECF No. 21, at paras. 3-4 (S.D. Tex. Jun. 19, 2000). President Clinton subsequently issued Mr. Garza two time limited reprieves before Mr. Garza was executed. In light of the prior set of executions, this Court should ensure that the regulations are enforced as to Mr. Honken.

Indeed, nowhere in the regulations for the Implementation of Death Sentences in Part 26 has the DOJ disclaimed the codification of enforceable rights, as it has done elsewhere. The DOJ's regulations regarding clemency procedures expressly state:

> The regulations contained in this part are advisory only and for the internal guidance of Department of Justice personnel. They create no enforceable rights in persons applying for executive clemency, nor do they restrict the authority granted to the President under Article II, section 2 of the Constitution.

28 C.F.R. § 1.11. Similarly, the DOJ Manual containing the death penalty protocol provides "internal Department of Justice guidance" and is "not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any

9
Case 3:01-cr-03047-LTS-KEM   Document 810-1   Filed 07/08/20   Page 11 of 14

However, despite the Government's repeated assertions that its attorneys are directed to seek a court order to set an execution date, the three federal executions that have been carried out since 1963 demonstrate that the Government does not faithfully enforce its own regulations. For Mr. Timothy McVeigh and Mr. Louis Jones, Jr., the Government directed the BOP to set dates despite knowing it lacked authority to do so. By contrast, in Mr. Garza's case, the court issued an order of inquiry as to the execution date, and, several days later, set the execution date. *See* Ex. J, Order Setting Execution Date, *United States v. Garza*, No. 1:97-cv-00273, ECF No. 18 (S.D. Tex. May 26, 2000). The Government never challenged the court's authority in this regard, and, moreover, defended the court's date setting by invoking its regulation, stating that "[t]his Court's order setting an execution date fully conforms with 28 C.F.R. § 26.3." *See* Ex. K, United States' Opp'n to Movant Garza's Mot. to Reconsider Setting an Execution Date, *United States v. Garza*, No. 1:97-cv-00273, ECF No. 21, at paras. 3-4 (S.D. Tex. Jun. 19, 2000). President Clinton subsequently issued Mr. Garza two time limited reprieves before Mr. Garza was executed. In light of the prior set of executions, this Court should ensure that the regulations are enforced as to Mr. Honken.

Indeed, nowhere in the regulations for the Implementation of Death Sentences in Part 26 has the DOJ disclaimed the codification of enforceable rights, as it has done elsewhere. The DOJ's regulations regarding clemency procedures expressly state:

> The regulations contained in this part are advisory only and for the internal guidance of Department of Justice personnel. They create no enforceable rights in persons applying for executive clemency, nor do they restrict the authority granted to the President under Article II, section 2 of the Constitution.

28 C.F.R. § 1.11. Similarly, the DOJ Manual containing the death penalty protocol provides "internal Department of Justice guidance" and is "not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any

matter civil or criminal." *Nichols v. Reno*, 124 F.3d 1376, 1377 (10th Cir. 1997) (quoting United States Attorney's Manual at § 1-1.100). No such disclaimer appears in the regulations governing date-setting, and the rights codified in the regulation can therefore be enforced by this Court.

Yet in Mr. Honken's case, the Government never submitted the necessary proposed judgment and order to this Court. It instead unilaterally scheduled Mr. Honken's execution. Because DOJ has never requested or obtained authorization for the BOP to determine Mr. Honken's execution date pursuant to 28 C.F.R. § 26.2, the BOP lacks the authority on its own to set a date.

The BOP's action setting Mr. Honken's execution date is ultra vires: it lacks the authority on its own to set a date. This Court should enter an order declaring the BOP's action null and void. An order *nunc pro tunc* would not be proper in light of 28 C.F.R. § 26.4, which requires that Mr. Honken must be notified of his execution date "at least 20 days in advance."

## CONCLUSION

For the foregoing reasons, Mr. Honken respectfully requests that this Court issue an order declaring the BOP's setting of a July 17, 2020, execution date, null and void.

                          Respectfully submitted,

                          /s/ Timothy Kane
                          Timothy Kane
                          Assistant Federal Defender
                          Shawn Nolan
                          Chief, Capital Habeas Unit
                          Federal Community Defender Office
                          for the Eastern District of Pennsylvania
                          601 Walnut Street, Suite 545W
                          Philadelphia, PA 19106
                          215-928-0520 (phone)
                          215-928-0826 (fax)
                          Shawn_Nolan@fd.org
                          Timothy_Kane@fd.org

                          Attorneys for Dustin Honken

Dated: July 8, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following attorneys for the United States:

Sean R. Berry
Justin Lightfoot
Assistant United States Attorneys
111 7th Avenue SE, Box 1
Cedar Rapids, Iowa 52401

/s/ Timothy Kane
Timothy Kane
*Attorney for Dustin Honken*