# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DUSTIN LEE HONKEN, <br><br> Defendant. | No. CR01-3047-LTS <br><br> **ORDER** |

## I.   INTRODUCTION

This case is before me on defendant's motion (Doc. No. 810) to declare his execution date null and void and motion (Doc. No. 811) to set or modify the execution date in light of COVID-19. The Government has filed a response (Doc. No. 819) and defendant has filed replies (Doc. Nos. 820, 821).

## II.   BACKGROUND[1]

On October 14, 2004, a jury found defendant Dustin Lee Honken guilty on Counts 1 through 17 of a Superseding Indictment. Doc. No. 513. On October 27, 2004, the jury made a binding recommendation that Honken be sentenced to death for the killings of two children and life imprisonment for the killings of three adults. Doc. No. 547. Consistent with the jury's recommendation, Honken was sentenced to death on Counts 10, 11, 15 and 16. Doc. No. 702. The Eighth Circuit Court of Appeals affirmed Honken's conviction and sentence on direct appeal. *See United States v. Honken*, 541 F.3d 1146 (8th Cir. 2008), *cert. denied,* 558 U.S. 1091 (2009).

---

[1] More extensive background discussions can be found in *United States v. Honken*, 381 F. Supp. 2d 936 (N.D. Iowa 2005); *United States v. Honken*, 541 F.3d 1146 (8th Cir. 2008), *cert. denied,* 558 U.S. 1091 (2009); *Honken v. United States*, 42 F. Supp. 3d 937 (N.D. Iowa 2013). This section will provide only a limited background relevant to the present motions.

In 2013, United States District Judge Linda R. Reade granted in part, and denied in part, Honken's § 2255 motion to vacate, correct or set aside his sentence. *See Honken v. United States*, 42 F. Supp. 3d 937, 1197 (N.D. Iowa 2013). She ordered that Counts 8 through 12 be vacated but denied relief as to all other claims. Judge Reade entered an Amended Judgment (Doc. No. 804) reflecting this change on October 8, 2013. The Amended Judgment (Doc. No. 804) provides for a sentence of death of Counts 15 and 16 and states:

> Pursuant to 18 U.S.C. § 3596, you are committed to the custody of the Bureau of Prisons until exhaustion of the procedures for appeal of the judgment of conviction and review of sentence. When the sentence is to be implemented, the Attorney General shall release the defendant to the custody of a United States Marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State of Indiana.

Doc. No. 804 at 3.

On July 25, 2019, the Attorney General directed the Acting Director of the BOP to schedule the executions of five federal death row inmates, including Honken. *See* Dep't of Justice, Press Release No. 19-807, Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019), https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse. Honken's execution was scheduled for January 15, 2020. *Id.* Four of the five individuals with scheduled execution dates sought and obtained a preliminary injunction on November 20, 2019. *See Matter of Fed. Bureau of Prisons' Execution Protocol Cases*, No. 12-CV-0782, 2019 WL 6691814 (D.D.C. Nov. 20, 2019). The D.C. Circuit Court of Appeals vacated the preliminary injunction on April 7, 2020, *see In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020), and the United States Supreme Court denied the application for a stay of the mandate and petition for a writ of certiorari on June 29, 2020. *See Bourgeois v. Barr*, 19-1348, 2020 WL 3492763 (U.S. June 29, 2020).

On June 15, 2020, Honken received a letter from Warden T.J. Watson at the United States Penitentiary in Terre Haute, Indiana, informing him that "a date has been set for the implementation of your death sentence, pursuant to the Amended Judgment and Order issued on October 8, 2013, by Chief Judge Linda R. Reade of the United States District Court for the Northern District of Iowa." Doc. No. 812 at 12. On June 15, 2020, the Government filed a notice (Doc. No. 807) regarding the execution date stating:

> The United States hereby notifies the Court that the Director of the Federal Bureau of Prisons, upon the direction of the Attorney General has scheduled the execution of Dustin Lee Honken, in accordance with 28 C.F.R. Part 26, to take place on July 17, 2020.

Doc. No. 807.

### III. ANALYSIS

#### A. *Motion to Declare Execution Date Null and Void*

Honken argues the Government has failed to follow its own regulations for proposing an execution date. He contends the authority to order implementation of a death sentence must occur through congressional action or court order and that neither has occurred here. He further contends there is no congressional authority, so such authority vests solely with the court and argues the court's judgment can be implemented by the Department of Justice (DOJ) and Bureau of Prisons (BOP) only upon a specific delegation of authority to do so. He relies on 28 C.F.R. § 26.2, titled Proposed Judgment and Order, which provides:

> (a) Whenever this part becomes applicable, the attorney for the government shall promptly file with the sentencing court a proposed Judgment and Order. The proposed Judgment and Order shall state, in addition to any other matters required by law or otherwise appropriate, that:
>
> > (1) The sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

3

> (2) The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death;
>
> (3) The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons; and
>
> (4) The prisoner under sentence of death shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence.
>
> (b) The attorney for the government shall append to the proposed Judgment and Order a Return by which the designated United States Marshal may inform the court that the sentence of death has been executed.

28 C.F.R. § 26.2.[2] Honken details the DOJ's rulemaking to support his argument. He notes that in response to a comment that the implementation regulations were an improper delegation of congressional authority, the DOJ responded that its authority was not based on congressional authorization, but on authorization from the court.[3] Honken argues without the judgment and order from the court contemplated in § 26.2, the BOP lacks authority to set the execution date. He adds that an order *nunc pro tunc* would be improper to correct this failure because 28 C.F.R. § 26.4 requires Honken be notified of his execution date "at least 20 days in advance."

The Government argues the Executive Branch has long possessed lawful authority to schedule execution dates in federal death penalty cases and that the Federal Death Penalty Act of 1994 (FDPA) confirms the Executive Branch's central role in implementing federal death sentences. Doc. No. 819 at 11. It contends that even if the court also possessed the

---

[2] 28 C.F.R. § 26.1 provides that "[t]he regulations of this part apply whenever a sentencing hearing conducted in a United States District Court has resulted in a recommendation or determination that a criminal defendant be sentenced to death for commission of an offense described in any federal statute."

[3] *See Implementation of Death Sentences in Federal Cases*, 58 Fed. Reg. 4898-01, 4900 (Jan. 19, 1993).

4

authority to set the date, now that the BOP has exercised its authority and set the date, the court lacks discretion to change or modify the date. *Id*. The Government relies on 28 C.F.R. § 26.3, the FDPA (18 U.S.C. § 3596(a)) and its general authority under article II, section 3 of the U.S. Constitution to "take care that the Laws be faithfully executed." Section 26.3 provides:

> (a) Except to the extent a court orders otherwise, a sentence of death shall be executed:
>
> > (1) On a date and at a time designated by the Director of the Federal Bureau of Prisons, which date shall be no sooner than 60 days from the entry of the judgment of death. If the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons when the stay is lifted;
> >
> > (2) At a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons;
> > (3) By a United States Marshal designated by the Director of the United States Marshals Service, assisted by additional personnel selected by the Marshal and the Warden of the designated institution and acting at the direction of the Marshal; and
> >
> > (4) By intravenous injection of a lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal.
>
> (b) Unless the President interposes, the United States Marshal shall not stay execution of the sentence on the basis that the prisoner has filed a petition for executive clemency.

28 U.S.C. § 26.3. The FDPA provides:

> A person who has been sentenced to death pursuant to this chapter shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence. When the sentence is to be implemented, the Attorney General

5

> shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed.

18 U.S.C. § 3596(a).[4]

Honken's § 26.2 argument is somewhat novel, having been raised by only one other federal inmate facing execution, Daniel Lewis Lee. Lee's execution is also scheduled to take place at United States Penitentiary in Terre Haute, Indiana, and was set to take place July 13, 2020.[5] Lee filed similar motions in his district of conviction, the United States District Court for the Eastern District of Arkansas. United States District Judge Lee P. Rudofsky denied those motions on July 10, 2020. *See United States v. Lee*, No. 97-CR-0342, Doc. No. 1425 (E.D. Ark. July 10, 2020) (filed on the docket in this case as Doc. No. 819-6). Judge Rudofsky concluded that nothing in the United States Constitution provides that the power to implement a sentence – as opposed to the power to impose a sentence – vests solely in the courts. *Id.* at 6. He noted that historically, both the Executive Branch and the courts have set execution dates. *Id.* at 6-7. He also reasoned that because Lee conceded that Congress is entitled to choose which branch may set the execution date, then such action cannot belong solely to the judiciary. *Id.* at 7.

Consistent with Lee's concession that the court can give its authority to implement an execution to the DOJ, Judge Rudofsky concluded the court had given such authority to

---

[4] Honken raised a new issue for the first time in his reply brief (Doc. No. 820 at 6-7) that the FDPA and Judgment (Doc. No. 804) require the Government to follow Indiana law in implementing the sentence. This argument was not properly raised in Honken's motion (Doc. No. 810) and, in any event, I find it to be unavailing.

[5] On July 13, 2020, the United States District Court for the District of Columbia enjoined the Government from carrying out Lee's execution (as well as Honken's execution and the executions of two other federal inmates facing execution) based on arguments relating to the Government's execution protocol. *See Roane v. Barr,* No. 19-mc-145, Doc. No. 135 (D.D.C. July 13, 2020). However, the United States Supreme Court vacated the injunction, *see Barr v. Lee*, No. 20A8, 591 U.S. ___ (July 14, 2020), and Lee's execution was carried out this morning.

6

the DOJ via its judgment. *Id.* at 7-8. He reasoned that the proposed judgment and order contemplated in § 26.2 may be considered best practice, but is not required in order for a federal court to give DOJ the power to implement a lawfully imposed death sentence. *Id.* at 8. Nonetheless, Judge Rudofsky did file an order consistent with the language in § 26.2 to confirm the DOJ's authority to implement Lee's death sentence. *See United States v. Lee*, No. 97-CR-0342, Doc. No. 1426 (E.D. Ark. July 10, 2020).

I agree with the reasons set forth by Judge Rudofsky that the Executive Branch has authority pursuant to the Amended Judgment to implement the sentence, including setting the execution date. As such, I adopt the reasons set forth in his order, *see United States v. Lee*, No. 97-CR-0342, Doc. No. 1425 (E.D. Ark. July 10, 2020). Honken's motion (Doc. No. 810) to declare his execution date null and void is denied. Contemporaneous with this order, I will enter an order consistent with the language of § 26.2 to confirm the DOJ's and BOP's authority to implement Honken's sentence, including setting the date for his execution.

### B.  *Motion to Set or Modify the Execution Date in Light of COVID-19*

Honken's second motion is based on the court's purported authority discussed in his motion to declare the execution date null and void. He argues the court should exercise that authority to set or modify the execution date to spring 2021 in light of the COVID-19 pandemic. His arguments concern the number of people who are expected to carry out and witness the execution, the spaces and times at the facility in which people are expected to gather and concerns about his access to counsel as he nears his execution date.

Again, I find Judge Rudofsky's analysis of this argument to be persuasive.[6] While I understand Honken's concerns regarding COVID-19, I agree with Judge Rudofsky that the impetus to proceed with executions during a pandemic comes from the Executive Branch.

---

[6] *See United States v. Lee*, No. 97-CR-0342, Doc. No. 1425 (E.D. Ark. July 10, 2020).

7

As the branch of government tasked with carrying out the execution, it is in the best position to weigh the risks associated with COVID-19 and the benefits of proceeding with the execution. As to Honken's concerns regarding access to counsel, he does not allege that he has not had access to counsel but, instead, that he has not had ideal access (i.e., in-person meetings. Honken has not demonstrated that his access to counsel has been impaired to the extent that counsel cannot effectively represent him. Indeed, based on the present motions that are well-argued and researched, it appears he is receiving excellent representation.

For these reasons, and the reasons set forth in Judge Rudofsky's order, Honken's motion (Doc. No. 811) to set or modify the execution date in light of COVID-19 is denied.

## IV. CONCLUSION

For the reasons set forth herein, Honken's motion (Doc. No. 810) to declare his execution date null and void and his motion (Doc. No. 811) to set or modify the execution date in light of COVID-19 are both **denied**.

**IT IS SO ORDERED.**

**DATED** this 14th day of July, 2020.

_____
Leonard T. Strand, Chief Judge